Michael R. Levine, OSB 93142
Levine & McHenry LLC
1001 S.W. Fifth Avenue, Suite 1414
Portland, Oregon 97204
503-546-3927
email: michael@levinemchenry.com

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br> vs. <br><br> JOSE QUEZADA-CAMACHO, <br><br> Defendant. | NO. CR 10-17 (HA) <br><br> MOTION TO SUPPRESS EVIDENCE |

Jose Quezada, through his attorney Michael R. Levine, moves to suppress all post-arrest statements to law enforcement officers and all evidence derived from those statements on the grounds that the statements were not voluntary. He also moves to suppress such evidence on the grounds that they were the produce of an unlawful search in violation of the Fourth Amendment.

This motion is based on the records of the case, the attached memorandum, and such evidence as will be adduced at a hearing on the motion

MEMORANDUM

## BACKGROUND

Mr. Jose Quezada-Comacho (Quezada) has been indicted on one count of intentionally possessing with intent to distribute 500 or more grams of methamphetamine. He has pled not guilty, and trial is currently set for September 27, 2011.

According to reports, on January 7, 2010, Portland police officers, without a warrant, knocked on the door of 18205 NW Bronson, Apt. F3. The officers were wearing badges and police vests. A woman, Ms. Valencia, opened the door. They identified themselves and asked if they could come inside and talk to her. She agreed. Officers Castaneda and Jones went inside They asked if anyone else was in the house, and she said just her child. The defendant was inside and came down and sat on the couch. Other persons were also in the house.

The officers asked the persons where their respective bedrooms were and if they could search the rooms. According to the reports, the persons gave consent to the search, and the defendant said his bedroom was upstairs where Officer Groshong was searching. In that bedroom the officers found three packages of methamphetamine, a scale, packaging material, and other materials. According to the police, they then read the defendant his *Miranda*

warnings, which he purportedly waived. He then supposedly admitted that everything in the bedroom was his and made other incriminating statements.

A hearing on this motion will establish that the police reports are incorrect in several crucial respects and that the statements elicited from the defendant were involuntary and in violation of *Miranda*.

The hearing will establish that upon entry into the house, the police detained the defendant violation of the Fourth Amendment. Further they separated the defendant from the others a moved him into a separate room for interrogation. At no time was the defendant free to leave. Furthermore, at no time did the defendant ever give voluntary consent to the officer's searching any bedroom.

## ARGUMENT

### A. THE DEFENDANT WAS DETAINED WITHOUT REASONABLE SUSPICION IN VIOLATION OF THE FOURTH AMENDMENT.

In entering the house and giving orders to the defendant, the defendant was constructively seized and detained . This detention was without reasonable suspicion and in violation of the Fourth Amendment. *Cf. United States v. Washington*, 490 F.3d 765 (9th Cir. 2007) (unlawful seizure after defendant asked to step out of car and agree to search); *United States v. Johnson*, 326 F.3d 1018, 1022 (8th Cir. 2003) (seizure when three officers

3

drew defendant away from companion, stood closely on either side of him, took is license, and conducted brief interrogation).

## B. THE DEFENDANT WAS ARRESTED WITHOUT PROBABLE CAUSE.

In moving the defendant and separating him to interrogate him, the officers caused the detention to ripen into an arrest without probable cause. *See United States v. Baron*, 860 F.2d 911, 916 (9th Cir. 1988) (detention ripened into arrest "when the police took Baron into the bedroom and closed the curtains… Isolated alone in a bedroom with police officers, she is likely to feel helpless and at their mercy."). Here, in contrast to *Baron*, there was no probable cause for the arrest. Therefore, all evidence and statements derived from that entry must be suppressed.

## C. THE DEFENDANT'S CONSENT TO SEARCH THE BEDROOM WAS NOT VOLUNTARY.

The government bears the burden of proving consent to search by a preponderance of the evidence. *Schneckloth v. Bustamonte*, 412 U.S. 218, 222 (1973). The defendant's purported consent to search the bedroom was not voluntary but a mere acquiescence to authority. *See United States v. Shaibu,* 920 F.2d 1423, 1426 (9th Cir. 1990) (" Judicial concern to protect the sanctity of the home is so elevated that free and voluntary consent cannot be found by a showing of mere acquiescence to a claim of lawful

4

authority"). The defendant was not given *Miranda* warnings before the consent was elicited. Nor was he told he could refuse his consent. The government cannot meet its burden to prove voluntary consent.

**CONCLUSION.**

After receiving evidence the Court should grant the motion.

Respectfully Submitted this 14th of day of July, 2011

          s/s <u>Michael R. Levine</u>
           Michael R. Levine

## CERTIFICATE OF SERVICE

I certify that I served the foregoing motion on the U.S. Attorney's Office in Portland, Oregon through the ECF system.

Dated July 14, 2011                     s/s/ Michael R. Levine