

**U.S. Department of Justice**
*S. Amanda Marshall*
*United States Attorney*
*District of Oregon*
*1000 SW Third Avenue, Ste. 600*       *(503) 727-1000*
*Portland, OR   97204-2902*              *Fax: (503) 727-1117*

October 20, 2011

Michael Levine
1001 SW Fifth Avenue
Suite 1414
Portland, Oregon 97204

      Re:    *United States v. Jose Manuel Quezada-Camacho*
            CR 10-17 (HA)

Dear Mr. Levine:

1.    **Parties/Scope**: This plea agreement is between this United States Attorney's Office (USAO) and defendant, and thus does not bind any other federal, state, or local prosecuting, administrative, or regulatory authority. This agreement does not apply to any charges other than those specifically mentioned herein.

2.    **Charges**: Defendant agrees to plead guilty to a single count Superseding United States Attorney's Information, charging the crime of possession with intent to distribute 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B). Defendant understands and expressly waives the opportunity to have the court rule on his motion to suppress evidence, currently under advisement.

3.    **Penalties**: The maximum sentence on the above count is not less than five years and not more than 40 years' imprisonment, a fine of $5,000,000, up to four years of supervised release, and a $100 fee assessment. Defendant agrees to submit and seek acceptance of this agreement with the court under Fed. R. Crim. P. 11 (c)(1)(C).

4.    **Dismissal/No Prosecution**: The USAO will move at the time of sentencing to dismiss the original indictment against the defendant. The USAO further agrees not to bring additional charges against defendant in the District of Oregon arising out of this drug investigation, known to the USAO at the time of this agreement.

5.    **Sentencing Factors**: The parties agree that the Court must first determine the applicable advisory guideline range, then determine a reasonable sentence considering that range and the factors listed in 18 U.S.C. § 3553(a). Where the parties agree that sentencing factors apply, such agreement constitutes sufficient proof to satisfy the applicable evidentiary standard.

Michael Levine
Re: Jose Manuel Quezada-Camacho Plea Letter
Page 2

6. **Relevant Conduct**: The parties agree that defendant's relevant conduct pursuant to U.S.C.G. §§ 1B1.3 and 2D1.1(a) is between 500 and 1500 grams of actual methamphetamine for a **Base Offense Level of 36**.

7. **Acceptance of Responsibility**: Defendant must demonstrate to the Court that he fully admits and accepts responsibility under U.S.S.G. § 3E1.1 for his unlawful conduct in this case. If defendant does so, the USAO will recommend a three-level reduction in defendant's offense level. The USAO reserves the right to change this recommendation if defendant, between plea and sentencing, commits any criminal offense, obstructs or attempts to obstruct justice as explained in U.S.S.G. § 3C1.1, or acts inconsistently with acceptance of responsibility as explained in U.S.S.G. § 3E1.1.

8. **Joint Sentencing Recommendation**: Pursuant to Title 18, United States Code, Section 3553(a) and Fed. R. Crim. P. 11 (c)(1)(C), and so long as defendant demonstrates an acceptance of responsibility as explained above, the parties will jointly recommend a sentence of 60 months' imprisonment and four years' supervised release, and hereby agree to submit and seek acceptance of this agreement with the court under Fed. R. Crim. P. 11 (c)(1)(C). The parties believe this is a fair and reasonable resolution of the case after accounting for facts of the case, the defendant's individual circumstances, and the factors outlined in 18 U.S.C. § 3553(a). Defendant understands that, if the court accepts this plea agreement, defendant may not withdraw his plea.

9. **No Enhancement**: The USAO agrees not to file for a sentencing enhancement under 21U.S.C. § 851 if defendant has any prior felony drug convictions.

10. **Waiver of Appeal/Post-Conviction Relief**: Defendant knowingly and voluntarily waives the right to appeal from any aspect of the conviction, including any issues relating to his motion to suppress evidence and statements, and sentence on any grounds, except for a claim that: (1) the sentence imposed exceeds the statutory maximum, or (2) the Court arrives at an advisory sentencing guideline range by applying an upward departure under the provisions of Guidelines Chapters 4 or 5K. Should defendant seek an appeal, despite this waiver, the USAO may take any position on any issue on appeal. Defendant also waives the right to file any collateral attack, including a motion under 28 U.S.C. § 2255, challenging any aspect of the conviction or sentence on any grounds, except on grounds of ineffective assistance of counsel, and except as provided in Fed. R. Crim. P. 33 and 18 U.S.C. § 3582(c)(2).

11. **Full Disclosure/Reservation of Rights**: The USAO will fully inform the PSR writer and the Court of the facts and law related to defendant's case. Except as set forth in this agreement, the parties reserve all other rights to make sentencing recommendations and to respond to motions and arguments by the opposition.

Michael Levine
Re: Jose Manuel Quezada-Camacho Plea Letter
Page 3

12. **Fine and Fee Assessment**: Defendant agrees to the imposition of a criminal fine in the amount of $1,234.00 to be paid to the court from the $1,334.00 in currency seized from the defendant during the arrest of the defendant for the crimes charged in the indictment. This currency is in Portland Police Property/Evidence, Case No. 10-001742, Receipt No. 1138995. Defendant agrees that the remaining $100 of the seized currency will be applied toward payment of the mandatory $100 fee assessment.

13. **Breach of Plea Agreement**: If defendant breaches the terms of this agreement, or commits any new criminal offenses between signing this agreement and sentencing, the USAO is relieved of its obligations under this agreement, but defendant may not withdraw any guilty plea.

14. **Memorialization of Agreement**: No promises, agreements or conditions other than those set forth in this agreement will be effective unless memorialized in writing and signed by all parties listed below or confirmed on the record before the Court. If defendant accepts this offer, please sign and attach the original of this letter to the Petition to Enter Plea.

15. **Deadline**: This plea offer expires if not accepted by October 24, 2011.

Sincerely,

S. AMANDA MARSHALL
United States Attorney

THOMAS H. EDMONDS
Assistant United States Attorney


I have carefully reviewed every part of this agreement with my attorney. I understand and voluntarily agree to its terms. I expressly waive my rights to appeal as outlined in this agreement. I wish to plead guilty because, in fact, I am guilty.

10/24/11
Date

X _____
JOSE MANUEL QUEZADA-CAMACHO
Defendant

Revised 02/03/10

Michael Levine
Re: Jose Manuel Quezada-Camacho Plea Letter
Page 4

    I represent the defendant as legal counsel. I have carefully reviewed every part of this agreement with defendant. To my knowledge, defendant's decisions to make this agreement and to plead guilty are informed and voluntary ones.

_____
Date

_____
MICHAEL LEVINE
Attorney for Defendant

    I fully and accurately translated this agreement to the above-named defendant as the interpreter in this case. I fully and accurately interpreted discussions between the defendant and the attorney.

24 Oct 11
_____
Date

_____
Interpreter (if necessary)

Revised 02/03/10