**S. AMANDA MARSHALL, OSB #95347**
United States Attorney
District of Oregon
**THOMAS H. EDMONDS, OSB #90255**
Assistant United States Attorneys
E-mail: Tom.Edmonds@usdoj.gov
1000 SW Third Avenue, Suite 600
Portland, Oregon 97204-2902
Telephone: (503) 727-1100
Facsimile: (503) 727-1117
      Attorneys for the United States of America

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | No. 10-CR-00017-HA |
| v. | |
| JOSE MANUEL QUEZADA-CAMACHO, | GOVERNMENT'S SENTENCING MEMORANDUM |
| Defendant. | Sentencing Date:<br>February 6, 2012, at 9:45 a.m. |

      The United States, by S. Amanda Marshall, United States Attorney for the District of Oregon, through Thomas H. Edmonds, Assistant United States Attorney, respectfully submits this Sentencing Memorandum regarding defendant Jose Manuel Quezada-Camacho.

/ / /

/ / /

/ / /

Page 1 - GOVERNMENT'S SENTENCING MEMORANDUM-J. QUEZADA-CAMACHO

**CASE STATUS**

On January 21, 2010, a grand jury returned an indictment, charging defendant with Possession with Intent to Distribute 500 or more grams of a mixture containing methamphetamine, in violation of Title 21, United States Code, Sections 841(b)(1)(A)(viii). CR 1. Defendant filed a motion to suppress evidence, whereupon the court heard evidence and took the matter under advisement on August 11, 2011. CR 35. Defendant, however, on October 24, 2011, entered into a plea agreement, which was presented to this court under Fed. R. Crim P. 11 (c)(1)(C), and pleaded guilty to a single count of a Superseding United States Attorney's Information, which charged Possession with Intent to Distribute 50 or more grams of mixture containing methamphetamine, in violation of Title 21, United States Code, Sections 841(b)(1)(B). CR 43-46. Defendant waived any further hearing of his motion to suppress as part of his plea agreement and the court denied that motion as moot. CR 43.

The plea agreement between the parties has the following salient terms: the parties agree that defendant's relevant conduct, pursuant to the advisory guidelines, is between 500 and 1500 grams of actual methamphetamine, calling for a Base Offense Level of 36; the government agrees to recommend a three-level reduction for acceptance of responsibility; the parties agreed to submit the case to the court under Fed. R. Crim. P. 11 (c)(1)(C) and to jointly recommend a sentence of 60 months' imprisonment and four years of supervised release, believing that sentence is a fair and reasonable resolution of the case after accounting for facts of the case, the defendant's individual circumstances, and the factors outlines in 18 U.S.C. § 3553(a); defendant

agreed to expressly waive the opportunity to have the court rule on his motion to suppress and also waived appeal and post-conviction relief with regard to his conviction and sentence. CR 46.

The court ordered a Pre-Sentence Report (PSR).  Sentencing is currently scheduled for February 6, 2012, at 9:45 a.m.

## SENTENCING

The parties and the court are in receipt of the PSR, prepared by the United States Probation Office.  With regard to the PSR's findings under the advisory sentencing guidelines, it appears the parties are in complete agreement.

Defendant's base offense level is 36, pursuant to USSG § 2D1.1(c).

The parties agree that defendant is safety valve eligible, leading to the two-level reduction under USSG §§ 2D1.1 (b)(16) and 5C1.2.

The government recommends a three-level reduction for acceptance of responsibility.

Thus, **defendant's total offense level is 31.**

Defendant's criminal history category is accurately scored at **Category I**.

The conjunction of **total offense level 31 and criminal history category I** provides for an advisory guideline range of 108-135 months' imprisonment.

## JOINT SENTENCING RECOMMENDATION

Pursuant to the plea agreement, the parties jointly recommend a sentence of 60 months' imprisonment, followed by 4 years of supervised release, and the imposition of a $100 fee assessment.

The court is familiar with the facts of this case, adduced at the motion hearing. The parties reached a plea agreement and submitted that agreement to the court under Fed. R. Crim. P. 11 (c)(1)(C). The parties jointly recommend a sentence of 60 months' imprisonment and four years of supervised release, believing that sentence is a fair and reasonable resolution of the case after accounting for facts of the case, the defendant's individual circumstances, and the factors outlines in 18 U.S.C. § 3553(a).

### WAIVER OF APPEAL AND POST-CONVICTION RELIEF

Defendant knowingly and voluntarily waives the right to appeal from any aspect of the conviction, including any issues relating to his motion to suppress evidence and statements, and sentence on any grounds, except for a claim that: (1) the sentence imposed exceeds the statutory maximum, or (2) the Court arrives at an advisory sentencing guideline range by applying an upward departure under the provisions of Guidelines Chapters 4 or 5K. Defendant also waives the right to file any collateral attack, including a motion under 28 U.S.C. § 2255, challenging any aspect of the conviction or sentence on any grounds, except on grounds of ineffective assistance of counsel, and except as provided in Fed. R. Crim. P. 33 and 18 U.S.C. § 3582(c)(2).

### COUNTS FOR DISMISSAL

At time of sentencing, the government will move to dismiss the original indictment.

/ / /

/ / /

/ / /

## CONCLUSION

Based on the foregoing, the government recommends a sentence of 60 months' imprisonment, followed by four years of supervised release, and a $100 assessment.

DATED this 1st day of February, 2012.

                                      Respectfully submitted,

                                      S. AMANDA MARSHALL
                                      United States Attorney

                                      *s/Thomas H. Edmonds*
                                      THOMAS H. EDMONDS
                                      Assistant United States Attorney